IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1076-F |
| | ) | |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

John Elliott (Plaintiff) invokes this Court's jurisdiction under the Social Security Act to obtain judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying Plaintiff's applications for disability insurance and supplemental security income benefits. *See* 42 U.S.C. § 405(g). United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). After carefully reviewing the pleadings, the administrative record (AR), and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**I.     Determination of disability.**

The Social Security Act defines "disability" as the "inability to engage in

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff shows he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## II. Claimed error.

Plaintiff challenges the Administrative Law Judge's (ALJ) residual functional capacity (RFC) findings as unsupported by substantial evidence, contending that the ALJ failed to include documented mental and physical limitations in the RFC assessment. Doc. 22, at 17-21. And, as a matter of law, he faults the ALJ's analysis of the opinion evidence of record. *Id.* at 22-28.

**III. Analysis.**

**A. Standard of review.**

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

**B. Whether the RFC has the required support.**

**1. The ALJ's findings.**

At step two of the sequential analysis, the ALJ found Plaintiff to be severely impaired by a physical impairment, degenerative disc disease. AR 11. And, while finding that Plaintiff also suffered from a medically determinable mental impairment – affective disorder – the ALJ determined that this impairment was nonsevere because it caused no more than a minimal limitation in Plaintiff's ability to perform basic mental work activities. *Id.* at 16.

The ALJ concluded at step three that Plaintiff had neither an impairment nor a combination of impairments that met or medically equaled the severity of a listed impairment. *Id.* at 18. He then assessed Plaintiff's RFC, which, as he explained, "is [Plaintiff's] ability to do physical and mental work activities on a

3

sustained basis despite limitations from his impairments." *Id.* at 11. He found "[a]fter careful consideration of the entire record, . . . that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)." *Id.* at 18.[1]

The ALJ concluded that Plaintiff's RFC "is supported by the preponderance of the evidence of record when considered as a whole." *Id.* at 19. He explained, in general terms, the matters to which he had given "[d]ue consideration" in formulating the RFC and then specifically stated that he

> gives great weight to Dr. Reynolds' opinion that [Plaintiff] could perform sedentary work (Exhibit 13F). This opinion is supported by the objective medical evidence in the record, wherein [Plaintiff] had negative straight leg raising, and admitted himself that he could lift 10 pounds. The State Agency physician agrees with Dr. Reynolds' opinion as well and finds that [Plaintiff] could perform sedentary work (Exhibit 5F)[.]

*Id.*

---

[1] The regulations cited by the ALJ detail the limitations implicated by a restriction to sedentary work:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

4

Next, proceeding through step four, the ALJ found Plaintiff unable to perform any of his past relevant work because that work required greater than sedentary exertion. *Id.* As a result of that finding, he continued the sequential analysis and considered whether jobs exist in significant numbers in the national economy that Plaintiff could perform. *Id.* at 20. He concluded that "[a] finding of 'not disabled'" was appropriate under the framework of Medical-Vocational Rule 201.24. *Id.*

### 2. Established limitations.

Plaintiff challenges the ALJ's RFC assessment on grounds that "the ALJ failed to include both mental and physical limitations in the RFC that are clearly shown by the record." Doc. 22, at 16. He maintains that the ALJ's RFC findings are unsupported by substantial evidence, and points to the ALJ's election to cut and paste various medical reports to inform his hearing decision. *Id.* at 17-18. He objects to the practice, maintaining that it is no substitute for an analysis of the medical evidence. *Id.*

With regard to the omission of any mental limitations in his RFC, Plaintiff directs the court to the findings of the consultative examining psychiatrist, Dr. Al-Khouri, including the doctor's assessment of depressive disorder secondary to Plaintiff's general medical condition and his opinion "that [Plaintiff] had a global assessment of functioning (GAF) of 40, which would indicate very serious

5

problems." *Id.* at 18. Plaintiff maintains that the ALJ only reproduced Dr. Al-Khouri's findings, and failed to discuss or assess them in any manner. *Id.* at 18-19.

The undersigned's review of the portion of Dr. Al-Khouri's report that the ALJ chose to reproduce in his decision confirms that Dr. Al-Khouri found that Plaintiff suffered from a depressive disorder and assessed his then-current level of functioning at a relatively low level. AR 13. This same review also establishes that Dr. Al-Khouri found on mental status examination that Plaintiff "was unable to follow a simple three-step command." *Id.* He explained that Plaintiff "was instructed to take the papers in his left hand, fold them in half and set them on the table next to him. He took them in his right hand." *Id.* The ALJ duly reproduced these findings in his hearing decision but made no reference to them in assessing Plaintiff's functional restrictions and the severity of his diagnosed mental impairment. *Id.* at 17.[2]

With regard to physical limitations, Plaintiff points to the report of a physical therapist who performed a functional capacity evaluation of Plaintiff

---

[2] For example, the ALJ found that Plaintiff had "mild limitation" in the functional area of concentration, persistence, or pace, relying on Plaintiff's own belief that he was "able to follow instructions well" and "to pay attention." AR 17. The ALJ made no mention of the explicit finding on mental status examination by Dr. Al-Khouri, a psychiatrist, that Plaintiff "was unable to follow a simple three-step command." *Id.* at 13, 17.

and noted, among other things, his inability to kneel, crouch, or stoop. Doc. 22, at 20-21; AR 295. But, Plaintiff submits, "there are no limitations in the RFC with regard to kneeling, crouching or stooping." Doc. 22, at 21.

This is, of course, correct. *See* AR 18. The ALJ did not include any postural limitations in his RFC assessment despite the referenced findings by the physical therapist and the opinion of the State agency consultant – on whose opinion the ALJ specifically relied, *Id.* at 19 – that Plaintiff was limited to only occasional crawling, stooping, and climbing of ladders, ropes and scaffolds. *Id.* at 237.

According to the Commissioner, "the ALJ does not determine a claimant's RFC based upon impairments per se, but rather the limitations, if any, resulting from such impairments." Doc. 23, at 5. But Plaintiff's difficulties in following a simple three-step instruction and in crawling, stooping, and climbing ladders, ropes, and scaffolds, *are* limitations that two physicians noted in connection with Plaintiff's medically determinable depressive disorder and degenerative disc disease. The ALJ did not account for these limitations, and remand is required.[3]

---

[3] The Commissioner does not acknowledge that the ALJ erred and, consequently, does not develop a harmless error argument. Doc. 23.

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the Commissioner's decision be reversed and the matter remanded for further proceedings.

The undersigned advises the parties of their right to object to this Report and Recommendation by December 24, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 4th day of December, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE